

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2007

# Tjandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5347

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tjandra v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5347

———

JOHANES TJANDRA a/k/a Jimmy Tjandra,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of a Decision
of the Board of Immigration Appeals
(BIA No. A79-734-999)
Honorable R.K. Malloy

———

Submitted under Third Circuit LAR 34.1(a)
February 27, 2007

Before: McKEE, ALDISERT, Circuit Judges, RESTANI,[1] Judge

(Filed: March 6, 2007)

———

OPINION OF THE COURT

———

---

[1] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

ALDISERT, <u>Circuit Judge</u>.

Johanes Tjandra, a citizen and native of Indonesia, petitions for review from a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will only briefly revisit them here. Tjandra is an ethnically Chinese citizen of Indonesia and a practicing Roman Catholic. He arrived in the United States in April of 1996, leaving his family behind in Indonesia. Approximately seven years later, on July 15, 2003, Tjandra filed an application for asylum, withholding of removal and protection under CAT.

He contends that if he ever returns to Indonesia he will suffer discrimination, threats and possible violence on account of his religion and ethnicity. Tjandra claims that he does not feel safe in Indonesia because radical Muslims harass and torment Chinese Christians throughout the country. At the hearing in front of the IJ, Tjandra testified that as a child he witnessed Muslims burn his parish's Church. Later, in 1965, Muslims ransacked his father's stationary store. Tjandra also stated that Muslim soccer hooligans in his neighborhood often destroy vehicles and attack Chinese citizens. Although he was living in the United States at the time, Petitioner further contends that the anti-Chinese

2

riots that swept Indonesia in 1998 have left him shaken and afraid.

The IJ who considered Tjandra's case determined that he was ineligible for asylum because his application was filed over seven years after his entry into the United States. See 8 U.S.C. § 1158(a)(2)(B) (stating that an alien applying for asylum must prove by clear and convincing evidence that he filed his application within one year of his arrival in the United States). The IJ also denied Tjandra's application for withholding of removal and relief under the Convention Against Torture. The judge determined that none of Tjandra's past experiences amounted to persecution, and that Tjandra failed to establish the likelihood of future persecution. See 8 U.S.C. § 1231(b)(3)(A) (governing withholding of removal claims); 8 C.F.R. §§ 1208.16, 1208.18 (governing CAT claims). The BIA adopted and affirmed the decision of the IJ.

## II.

In his brief to this Court, Tjandra has not appealed the IJ's denial of his asylum application as being untimely, a determination which, in any event, we lack jurisdiction to review. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Tjandra has also elected not to appeal the denial of his application for protection under CAT. As a result, we deem his CAT claim to have been waived. See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993). We are therefore asked to review only the BIA's rejection of his application for withholding of removal.

We must give significant deference to the BIA's decision. We review the Board's decision under the "substantial evidence" standard and may only disrupt its findings if the

"evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-484 (3d Cir. 2001). Although we generally review only the decisions of the BIA, where the BIA adopts and affirms the decision of the immigration judge, we look to the decision of the IJ. See Partyka v. Attorney General, 417 F.3d 408, 411 (3d Cir. 2005).

III.

Our review of the record leads us to conclude that substantial evidence supports the IJ's determination that Tjandra does not qualify for withholding of removal. An alien seeking withholding of removal must establish by a "clear probability" that his life or freedom would be threatened in his country of origin because of his race, religion, nationality, membership in a particular social group or political opinion. Chang v. INS, 119 F.3d 1055, 1059 (3d Cir. 1997). To meet this burden, an applicant must demonstrate that it is more likely than not that he will be persecuted upon his return, which a petitioner can show by proving either past persecution or a likelihood of future persecution. See 8 C.F.R. § 1208.16(b); Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998).

To begin, we are satisfied Tjandra has not suffered past persecution. The BIA and this Court have adopted a narrow definition of persecution, which "connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). The incidents of which Petitioner complains simply do not rise to this level. As a child

4

Tjandra witnessed the burning of a church and the destruction of his father's business. As an adult he lived with the fear that soccer hooligans would hurt his family. Tjandra, however, was never harmed. While we are troubled by the actions of Muslim extremists in Indonesia, this Court does not recognize "isolated incidents that do not result in serious injury" as persecution. Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). Accordingly, we determine that Tjandra has not been the victim of persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that "two isolated criminal acts, perpetrated by unknown assailants [against ethnic Chinese Indonesians], which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution").

We also determine that Tjandra failed to show he will be subject to future persecution in Indonesia because he is an ethnic Chinese Christian. To establish a well-founded fear of future persecution, a petitioner must demonstrate by clear probability that he would be singled out for persecution on account of his race or religion or that there is a "pattern or practice of persecution of a group of persons similarly situated to the applicant . . . ." 8 C.F.R. § 208.16(b)(2). First, the record contains no evidence that Petitioner would face an individualized risk of persecution upon return to Indonesia. The BIA noted that Tjandra's wife and two sons have lived safely in Indonesia during the seven years Petitioner has worked in the United States. As we stated in Lie, "when family members remain in petitioner's native country without meeting harm . . . the reasonableness of petitioner's well-founded fear of future persecution is diminished."

5

396 F.3d at 537.  In light of these teachings, we are hard-pressed to see that Tjandra faces any greater danger than the members of his family who live in Indonesia in apparent well-being. See id.

Moreover, we cannot agree with Tjandra's contention that there is a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. To support his argument, Tjandra relies on Lolong v. Gonzales, a Ninth Circuit case granting asylum to an ethnically Chinese Indonesian. 400 F.3d 1215 (9th Cir. 2005). Lolong, however, turned on the fact that the Petitioner was a female whose friends had been attacked and raped.  More on point is Lie.  In Lie, this Court rejected the notion that ethnically Chinese Christians, like Tjandra, face systematic persecution in Indonesia. 396 F.3d at 538. In that case, we examined citations to press accounts of riots, vandalism and robbery of Chinese Christians, but found that the situation for Chinese Christians had improved markedly since 1998, and that the cited incidents of violence did not "appear to be sufficiently widespread as to constitute a pattern or practice." Id. at 537. We indicated that this violence appears to have been "wrought by fellow citizens" and was not the result of "governmental action or acquiescence."  Id. Here, Tjandra has not presented any evidence that would compel us to break with Lie and conclude that there is a pattern or practice of persecution against Christian Indonesians of Chinese ethnicity. In fact, the Petitioner himself acknowledges that the treatment of Chinese has steadily improved. Accordingly, we reject the argument that there is a clear probability that he would be the victim of future persecution upon return to Indonesia.

6

* * * * * *

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The petition for review will be denied.